**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

+-----------------------------------------------------+

Nagnath Kharat, |

*Plaintiff*, | Case No.

-against-

BIGHIT MUSIC Co., Ltd. |

*Defendants*. |

+---------------------------------------------------+

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

(Injunctive Relief; Jury Trial Demanded)

**INTRODUCTION**

1. Plaintiff Nagnath Kharat ("Plaintiff"), proceeding *pro se*, brings this action against BTS, the musical group, and BIGHIT MUSIC Co., Ltd. ("Defendants"), alleging copyright infringement of Plaintiff's original musical works associated with the album "**Walking on the City Street**" (2026). Plaintiff alleges that two songs from Defendants' album ***Arirang*** (2026) contain melodies substantially similar to those in Plaintiff's original works.

THE PARTIES

2. The Plaintiff **Nagnath Kharat** is an Indian poet, songwriter, screenwriter, and film director who resides in the state of Maharashtra. He has written *several* unpublished/unreleased screenplays and two Self-Recorded, unrealized Albums.

3. Defendant **BIGHIT MUSIC Co., Ltd.** ("BIGHIT MUSIC") is a South Korean music company and record label associated with the musical group BTS, which performs and releases music under the BTS name.

4. **BTS** is the musical group whose performances and recordings are at issue in this Complaint. Plaintiff identifies BTS in connection with the album *Arirang* (2026), including the songs "FYA" and "2.0."

   The songs '2.0' and 'FYA' by BTS have multiple credited composers. The composers credited for '2.0' include Jung Kook, RM, SUGA, j-hope, Michael Len Williams, Ashton Terance O'Neil Hogan, Atia Boggs, Charles Hinshaw, V, John Mitchell, and Derrick Milano. The composers credited for 'FYA' include Jung Kook, JPEGMafia, Gregory Aldae Hein, SUGA, Kurtis Wells, Thomas Wesley Pentz, RM, Richard Cook Mears IV, and Harley Streten. These individuals are identified solely in connection with the songwriting credits and are not named as defendants

5. At all relevant times, each Defendant acted individually and/or in concert with the other Defendants and participated in the acts and conduct alleged herein.

JURISDICTION AND VENUE

6. This action arises under the Copyright Act of the United States, 17 U.S.C. §§ 101 et seq., and other applicable federal laws. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Plaintiff alleges that Defendant BIGHIT MUSIC Co., Ltd. promoted or participated in promotional activities relating to BTS and the album *Arirang* in New York. Plaintiff further alleges, upon information and belief, that the album was made available to listeners in New York through digital music distribution channels.

8. To the extent supported by evidence, Plaintiff alleges that Defendant's New York-directed promotional or commercial activities, together with any distribution of the allegedly infringing recordings in New York, are relevant to whether this Court may exercise specific personal jurisdiction over Defendant under N.Y. C.P.L.R. § 302(a)(1) and the Due Process Clause.

9. Plaintiff asserts that venue is proper in this District under 28 U.S.C. § 1400(a) only if Defendant resides or may be found in this District, including by being subject to personal jurisdiction here with respect to this action.

10. Plaintiff relies on the alleged New York promotional and distribution activities described above, to the extent those activities are established and sufficiently connected to the claims in this Complaint.

## ORIGINAL WORKS AT ISSUE

11. This action arises under the United States Copyright Act, 17 U.S.C. § 101 et seq.

12. Plaintiff alleges that he created and first fixed the musical works identified below in India. Plaintiff will identify the date and manner of fixation and the publication status of each work separately. Plaintiff alleges that the works are eligible for protection in the United States under 17 U.S.C. § 104. To the extent the works qualify as "foreign works" under the applicable provisions of 17 U.S.C. § 101, Plaintiff alleges that registration with the United

States Copyright Office is not a prerequisite to instituting this infringement action under 17 U.S.C. § 411(a).

13. Plaintiff alleges that he is the author and owner of the original musical expression in the works at issue. Plaintiff will identify the specific recordings and compositions on which each claim is based, including their titles and dates.

14. Plaintiff alleges that the works associated with "Walking on the City Street" were fixed in digital recordings in June 2025 and that he retains the rights he owns in the original musical expression of those works.

15. Although Plaintiff has not yet registered these works with the United States Copyright Office, Plaintiff is a citizen of India, a signatory nation to the Berne Convention for the Protection of Literary and Artistic Works. Pursuant to 17 U.S.C. § 104, Plaintiff's works are entitled to copyright protection in the United States.

16. Plaintiff's musical works, related to the album "Walking on the city street (June 2025)," were created and fixed in tangible form in digital format. Although many of the works remain unpublished, copyright protection attaches upon creation and fixation. Plaintiff retains exclusive rights under 17 U.S.C. § 106 and § 501.

**FACT OF THE CASE**

17. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 16 as though fully set forth herein.

18. The Plaintiff commenced work on his album in March 2025 under the names "Shyboy," "Robot," "Walking on the City Street," and "LoveLesss."

19. On 8 March 2026, the Plaintiff released a working poster of the album on Instagram under the names “Shyboy” and “Loveless.” On March 19, 2026, Plaintiff posted a working poster for the album on Instagram under the name “Walking on the City Street” with the song “Still love you” as an alternate title or name used for “Paul Market.”

20. On March 20, 2026, Defendants released the album *Arirang*. Plaintiff alleges that three songs on the album, “FYA,” “2.0,” and “Swim”—bear similarities to melodies in Plaintiff's earlier musical recordings.

21. At this stage, Plaintiff specifically asserts allegations of melodic similarity concerning two songs: “FYA” and “2.0.” Plaintiff identifies “Swim” as a third song requiring further examination and does not presently set out a separate, detailed melody comparison concerning that song.”

A. Plaintiff's “Still love you (Paul Market)” (3 & 5 December 2025) vs. Defendant’s song “**FYA** (March 20, 2026). Comparison of the Plaintiff’s song “Paul Market / Still love you” with the Defendant’s song “FYA”: The Plaintiff alleges that the melody of “Paul Market” is substantially similar to that of the Defendant’s song “FYA.”

Alleged melodic and rhythmic similarity**:** The Plaintiff alleges that the drum pattern and central hook melody of the Defendant’s song “FYA” are strikingly similar to those contained in the Plaintiff’s original audio recording.

The Plaintiff has not obtained an expert report at this stage; however, the alleged similarities between the respective works are **significant and striking**. The Plaintiff contends that these similarities are readily perceptible and recognizable even to an ordinary listener without specialized musical expertise.

Plaintiff further alleges that the mouth-performed rhythmic pattern contained in his original audio recording dated December 3, 2025, is substantially similar to the rhythmic patterns heard in the opening and middle sections of Defendants' song "FYA."

B. Plaintiff's **Let's Sing Naga (December 7 and 26, 2025)** vs. Defendants' **Song "2.0"** (March 20, 2026)

Plaintiff alleges that his original audio recordings, dated December 7 and December 26, 2025, contain an original musical composition with a distinctive arrangement of melodic and rhythmic elements, including a particular rhythmic pattern, melodic progression, and a break in the melody.

Plaintiff further alleges that certain musical passages in Defendants' song "2.0" are substantially similar to elements of his earlier recordings, including the rhythmic arrangement, melodic progression, and placement of the melody break.

Plaintiff identifies these features as the basis of his alleged similarity and intends to rely on the original recordings and a comparison of the corresponding musical passages in support of this allegation.

22. The Plaintiff has not obtained an expert report at this stage but maintains that the core melodic elements of the respective works are strikingly similar.

**ACCESS & WILFUL PATTERN OF MISUSE**

23. Plaintiff states that he found *prima facie evidence*. This indicates direct access to Defendants. "Courts have recognized that copying may be inferred from striking similarity, even in the

absence of direct evidence of access." See *Gaste v. Kaiserman*, 863 F.2d 1061 (2d Cir. 1988).

24. Plaintiff further alleges that the infringement constitutes part of a continuing and willful pattern of misuse of Plaintiff's work. Plaintiff has previously initiated proceedings concerning the alleged unauthorized use of his work, including:

| | |
|---|---|
| **Anora** (2024) by Sean Baker | Case No. 1:26-cv-5349 JHR-RFT |
| **Roma** (2018) by Alfonso Cuarón | Case No.: 1:26-cv-08397-LTS |
| **One Battle after Another** (2025) by Paul Thomas Anderson | Case No. 1:26-cv-XXXXX |
| **Gentle Monster** (2026) by Marie Kreutzer | Case No. 1:26-cv-03409 PAE |
| **Parallel Tales** (2026) by Asghar Farhadi's | Case No. 1:26-cv-03651-JPO |
| **Spider-Man: Brand New Day** (2026) by Destin Daniel Cretton | Case No. 1:26-cv-06059-RA |

25. The Plaintiff further submits that he has also initiated three (3) complaints before the Hon. Bombay High Court with strong prima facie evidence, including Case Nos. Case No. (*37674/2025 & 36946/2025*, Amazon Prime Video) and Case No. *36959/2025*.

26. Plaintiff alleges that the infringement was willful. The similarities are not limited to general narrative structure.

## IRREPARABLE INJURY

27. Plaintiff alleges that the continued distribution, performance, promotion, and other exploitation of the allegedly infringing songs **"FYA"** and **"2.0,"** if established, may cause harm to Plaintiff's interests in his original musical works.

28. Plaintiff alleges that continued use of the musical material at issue may impair his ability to control the use and presentation of his original compositions and may affect opportunities to promote, release, license, or otherwise commercially exploit those works.

29. Plaintiff further alleges that continued dissemination of the allegedly infringing material may make it difficult to identify and measure the full extent of any harm to his creative and commercial interests. Plaintiff therefore contends that monetary damages alone may not provide complete relief for the alleged ongoing harm.

30. Plaintiff seeks injunctive relief under 17 U.S.C. § 502(a), including such relief as the Court may find appropriate to prevent any continuing infringement established in this action.

----------------

31. Plaintiff refers to **Exhibit A** for song comparison and melody, Exhibit B posters, and related images.

**CAUSE OF ACTION**

(17 U.S.C. §§ 106 and 501)

32. Plaintiff repeats and realleges Paragraphs 1 through 30 as though fully set forth herein.

33. Plaintiff alleges that he is the author and owner of the original musical expression in his works associated with the album *Walking on the City Street*, including the song **"Paul Market,"** also identified as "Still Love You" on another poster. The musical material contained in his original audio recordings (Let's Sing Naga) dated December 7 and December 16, 2025.

34. Plaintiff alleges that Defendants, through the creation, recording, reproduction, distribution, public performance, or other exploitation of the songs "FYA" and "2.0," used musical

expression that is substantially similar to original elements of Plaintiff's earlier works, without Plaintiff's authorization.

35. As to "FYA," Plaintiff alleges that the central hook melody and certain rhythmic features in the song are substantially similar to corresponding musical material in Plaintiff's original recordings dated December 3 and December 5, 2025, including the mouth-performed rhythmic pattern described above.

36. As to "2.0," Plaintiff alleges that certain musical passages are substantially similar to elements of his original recordings dated December 7 and December 26, 2025, including the rhythmic arrangement, melodic progression, and placement of a melody break.

37. Plaintiff alleges that the acts described above violate one or more of the exclusive rights provided to copyright owners under 17 U.S.C. § 106, including, to the extent supported by the evidence, the rights of reproduction, distribution, and public performance.

38. Plaintiff alleges that Defendants' conduct has caused and continues to cause harm to his rights and interests in the original musical expression of his works.

39. Plaintiff seeks the relief available under the Copyright Act, including appropriate injunctive relief under 17 U.S.C. § 502 and such monetary relief as may be legally available and supported by the evidence.

## PRAYER FOR RELIEF

40. **WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

A. Grant a **preliminary injunction** restraining the Defendants, their agents, representatives, distributors, and all persons acting on their behalf from further reproducing, distributing, displaying, publicly performing, communicating to the public, or otherwise exploiting the

allegedly infringing musical compositions and sound recordings, including the songs "FYA" and "2.0," pending the final determination of this action.

B. Declare that the Plaintiff is the **author and owner**, to the extent established by the evidence and applicable law, of the original musical works and recordings identified in this action, including "Still love you" (Pau Mar or Paul Market), and the original audio recordings dated December 7 and December 26, 2025.

C. Award the Plaintiff actual damages suffered as a result of any infringement established in this action, together with any profits of the Defendants attributable to such infringement, as permitted under applicable copyright law, including 17 U.S.C. § 504(b), where applicable.

D. Order the preservation and, where appropriate, production and examination of relevant musical compositions, sound recordings, drafts, working files, metadata, and other materials necessary to assess the alleged similarities between the Plaintiff's original works and the Defendants' songs, including "**FYA**" and "**2.0,**" and such further examination of "Swim" as may be warranted.

E. Award the Plaintiff the costs of this action and grant such other and further relief as this Hon'ble Court may deem just and proper in the circumstances.

DEMAND FOR TRIAL BY JURY

41. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury.

Dated: October 01, 2026

/s/ Nagnath Kharat

Nagnath Kharat, Pro Se

Sr. 23, Motewadi (M), Malshiras,

Dist. Solapur, Maharashtra 413107, India

Email: rdbb189@gmail.com

VERIFICATION

I, Nagnath Kharat, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Plaintiff in the above-captioned action, that I have read the foregoing Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 01, 2026

/s/ Nagnath Kharat

Nagnath Kharat, Pro Se

Sr. 23, Motewadi (M), Malshiras,

Dist Solapur, Maharashtra 413107, India

Email: rdbb189@gmail.com